IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES DENSON, <br> Petitioner, <br> <br> v. <br> <br> BRIAN A. BLEDSOE, WARDEN <br> Respondent | Civil Action No. 7:06-cv-00193 <br> <br> **MEMORANDUM OPINION** <br> <br> By: Hon. James C. Turk <br> Senior United States District Court Judge |

The petitioner, James Denson, seeks a writ of habeas corpus under 28 U.S.C. § 2241. He is presently incarcerated at the United States Penitentiary in Lee County, Virginia, and asks this court to order expungement of a disciplinary conviction. The respondent has moved for this court to dismiss his petition for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), or, in the alternative, for an order of summary judgment in its favor. See Fed. R. Civ. P. 56(b).

Because the petitioner is proceeding *pro se*, this court notified him of the respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned the petitioner that judgment might be granted for the respondent if the petitioner did not file affidavits or other documents contradicting the respondent's evidence or otherwise respond to the motion explaining his claims. The petitioner has responded, making the matter ripe for the court's consideration.

Having considered the respondent's motion together with the briefs and submissions of both parties, this court concludes that the respondent's motion to dismiss must be granted.

-1-

## I.

The petitioner claims that while he was serving a term of imprisonment at the United States Penitentiary in Lee County, Virginia, contraband was discovered in his cell on March 12, 2005. The petitioner was charged with acting in violation of prohibited act no. 217, "[g]iving money to, or receiving money from, any person for purposes of introducing contraband or for any other illegal or prohibited purposes," a "high category" violation. 28 C.F.R. § 541.13, table 3. The prison's Unit Discipline Committee held a hearing on March 15, 2005, at which the petitioner had an opportunity to make a statement. The committee imposed sanctions upon the respondent, suspending his commissary privileges for nine months and his telephone privileges for forty-five days. The petitioner appealed the disciplinary action within the administrative framework of the Federal Bureau of Prisons. The Bureau's regional office revised the petitioner's conviction, reducing it to a violation of prohibited act no. 305 (possession of contraband), a "moderate category" violation. 28 C.F.R. § 541.13, table 3. The sanctions that were originally imposed do not appear to have been revised.

The petitioner claims that he was disciplined based upon insufficient evidence and that his due process rights were violated. He seeks expungement of his disciplinary conviction.

## II.

A "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). This standard requires the court to accept all well-pleaded allegations in the plaintiff's complaint as true, and draw all reasonable

factual inferences from those allegations in the plaintiff's favor. Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005).

### III.

The plaintiff does not allege that his confinement is unlawful, or that his disciplinary conviction altered the length of his incarceration. The writ of habeas corpus is therefore not the proper vehicle for the petitioner's claim. As the United States Supreme Court has explained: "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The petitioner does not challenge the legality of his custody by seeking a "judgment at odds with his conviction" or a judgment at odds with the "calculation of time to be served in accordance with the underlying sentence." Muhammad v. Close, 540 U.S. 749, 754–55 (2004). He has therefore "raised no claim on which habeas relief could [be] granted on any recognized theory . . . ." Id. at 755.[1] The court will deny Mr. Denson's petition for a writ of habeas corpus by dismissing his § 2241 claim.

### IV.

The cause of action recognized in Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in some circumstances provides a vehicle for relief against government officials proven to have violated a plaintiff's Fifth Amendment due process rights. See Davis v. Passman, 442 U.S. 228 248–49 (1979); Dunbar Corp. v. Lindsey, 905 F.2d

---

[1] The United States Supreme Court has suggested that habeas relief may be available to challenge conditions of confinement when the conditions are "so onerous as to render an inmate's custody illegal." Seau v. O'Brien, No. 7:06CV00422, 2006 WL 2345806, *1 n.1 (W.D. Va. Aug. 10, 2006) (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973)). Such conditions, however, are not alleged in this case.

754, 760. In some circumstances courts may construe as Bivens actions claims styled as § 2241 petitions. See e.g., Boone v. Fed. Bureau of Prisons, No. 7:06CV00212, 2006 WL 1134135, at *1 (W.D. Va. 2006). Recharacterization is not appropriate in the instant case, however, because, among other things, the petitioner has not named the proper defendant. The proper defendant in a Bivens action is the person whose wrongful acts harmed the plaintiff, see FDIC v. Meyer, 510 U.S. 471, 484 (1994), named in their individual capacities. Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (recognizing that "any remedy under Bivens is against federal officials individually"). In the instant case, petitioner has named the warden of the penitentiary[2] in his *official* capacity.

Even if the petitioner's claim could be construed as a cognizable Bivens action it would fail because the disciplinary sanctions that the petitioner identifies do not constitute a deprivation of "liberty," as that term is used in the due process clause of the Fifth Amendment. The United States Supreme Court has explained that "[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995). Thus, "the Court in Sandin held that challenged prison conditions cannot give rise to a due process violation unless those conditions constitute "'atypical and significant hardship[s] on [inmates] in relation to the ordinary incidents of prison life.'" McKune v. Lile, 536 U.S. 24, 36 (2002) (quoting Sandin, 515 U.S. at 484) (alterations in original).

---

[2] As the Court of Appeals for the Seventh Circuit has noted, the warden is rarely a proper defendant in a Bivens action, because he is not vicariously liable for subordinates' acts. See also Trulock v. Freeh, 275 F.3d 391, 402 (2001) ("In a Bivens suit, there is no *respondeat superior* liability").

-4-

As other courts have recognized, suspension of a prisoner's commissary and telephone privileges does not rise to the level of an atypical and significant hardship in relation to the ordinary incidents of prison life. See, e.g., Malchi v. Thaler, 211 F.3d 953, 958 (2000) (recognizing that a 30 day loss of commissary privilege "clearly" does not implicate due process concerns); Thomas v. Ramos, 130 F.3d 754, 763 n.8 (1997) (finding no liberty interest in a loss of commissary privileges); Moore v. Pemberton, 110 F.3d 22, 23 (7th Cir. 1997) (same); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (same); Tanney v. Boles, 400 F. Supp. 2d 1027, 1040 (E.D. Mich. 2005 (finding that a temporary telephone privilege suspension does not implicate a due process liberty interest); Husbands v. McClellan, 990 F. Supp. 214, 217 (W.D.N.Y. 1998) ("The temporary loss of the various privileges alleged in this case—i.e., telephone, package, commissary, and recreation privileges—does not represent the type of deprivation which could reasonably be viewed as imposing an atypical and significant hardship on an inmate."). The Court of Appeals for the Fourth Circuit has recognized that even administrative segregation under conditions more burdensome than those imposed on the general prison population (and more burdensome than the sanctions imposed on the respondent in the instant case) does not implicate a liberty interest for due process purposes. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (finding administrative segregation in cells at times filled with vermin, smeared with human feces and flooded with toilet water did not implicate a liberty interest where plaintiffs were denied outside recreation, educational and religious services, fed smaller portions of food and permitted to leave their cells on fewer occasions than inmates in the general population). Because the petitioner's claims, if true, would not implicate a liberty interest protected by the Due Process Clause of the Fifth Amendment, the respondent

could not obtain the relief he requested even if he had brought a proper <u>Bivens</u> action.

For the reasons stated above, the court will dismiss the petitioner's § 2241 claims.[3]

**ENTER:** This 29th day of September, 2006.

*/s/ James C. Turk*
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The United States points out that the respondent named in this action, Brian A. Bledsoe, has been replaced as warden by Terry O'Brien. Because the court dismisses the petitioner's claims, and substitution is "automatic[]" pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, an order of substitution is unnecessary.

-6-